[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14426
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00035-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD SAMPSON,
a.k.a. Sam,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 20, 2009)

Before MARCUS, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Leonard Sampson appeals the district court's order granting in part and denying in part his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Although the district court found Sampson eligible for relief and reduced his sentence to the low-end of the amended guideline range, the court also found that it lacked authority to impose a reduction below the amended guideline range. Sampson challenges this conclusion on appeal. For the reasons set forth below, we affirm.

**I.**

A federal grand jury returned a single-count indictment against Sampson, charging him with knowingly distributing five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Sampson pled guilty to the sole count in the indictment.

Using the 2004 version of the Sentencing Guidelines, the probation officer prepared a pre-sentence investigation report ("PSI"), in which he calculated Sampson's applicable guideline range as follows. The probation officer determined that Sampson was accountable for 36.6 grams of crack cocaine and, therefore, his base offense level was 30 under the Drug Quantity Table in U.S.S.G. § 2D1.1. Sampson received a 3-level reduction for acceptance of responsibility, giving him a total offense level of 27. The probation officer determined that

2

Sampson had nine criminal history points, giving him a criminal history category of IV. An offense level of 27 and a criminal history category of IV gave Sampson an applicable guideline range of 100-125 months' imprisonment. Sampson was subject to a statutory mandatory minimum sentence of 5 years' imprisonment.

Sampson did not object to the PSI, but rather argued that a downward departure was warranted under U.S.S.G. § 4A1.3 because his criminal history score over-represented the seriousness of his criminal history. At sentencing, the district court adopted the PSI and downwardly "departed to a Criminal history category III, as [Sampson's] original criminal history category of IV over-represented the seriousness of [his] criminal history." A criminal history category of III, coupled with an offense level of 27, gave Sampson a guideline range of 87-108 months' imprisonment, and the district court sentenced Sampson to 87 months' imprisonment.

On April 21, 2008, Sampson filed this pro se motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Sampson argued that he was entitled to a reduced sentence based on Amendment 706 to the Guidelines, which retroactively reduced his base offense level from 30 to 28. Furthermore, and in light of his prison accomplishments and good behavior, he also requested "another reduction" based on the factors in 18 U.S.C. § 3553(a), citing United States v. Booker, 543

3

U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), <u>Gall v. United States</u>, 552 U.S. __, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and <u>Kimbrough v. United States</u>, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

In a memorandum to the district court, the probation officer asserted that Sampson was eligible for a sentencing reduction because Amendment 706 reduced his adjusted offense level from 27 to 25. The probation officer explained that if the court applied the same downward departure it did at sentencing, <u>i.e.</u>, reducing Sampson's criminal history category from IV to III, Sampson's amended guideline range would be 70-87 months' imprisonment.

The government agreed that Amendment 706 reduced Sampson's adjusted offense level from 27 to 25 which, if the court were to apply the same downward departure, would result in an amended guideline range of 70-87 months' imprisonment. Thus, the government did "not oppose a reduction to the low end of the new sentencing range, 70 months' imprisonment." However, the government argued that, despite a contrary holding by the Ninth Circuit in <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007), <u>Booker</u>'s holding rendering the Guidelines advisory did not apply to § 3582(c)(2) proceedings and, therefore, did not authorize the court to reduce Sampson's sentence below the amended guideline range.

4

Sampson, through counsel, requested the court to exercise its discretion under Booker, Gall, and Kimbrough and reduce his sentence to 60 months' imprisonment, the statutory minimum. Counsel addressed several of the factors in 18 U.S.C. § 3553(a) in order to support the requested 60-month sentence.

The district court reduced Sampson's sentence to 70 months' imprisonment. In its order, the court noted that, although Sampson's amended guideline range was 84-105 months' imprisonment, it had re-imposed the criminal-history downward departure that it had imposed at sentencing. The court also issued a sentencing memorandum, concluding that Booker did not authorize it to reduce Sampson's sentence below the low-end of his amended guideline range. After rendering this conclusion, the court stated:

> However, a review of the circumstances of this case, including the pre-sentence report and the matters offered by Sampson in support of a reduction in sentence under Booker, confirms that the sentence that results from the present adjustment under the newly retroactive and reduced "crack" guidelines is a "reasonable sentence" as defined by Booker and effected by application of the factors arrayed at 18 U.S.C. § 3553(a).

This appeal followed.

## II.

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18

5

U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief

under 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),
> upon motion of the defendant or the Director of the Bureau of Prisons,
> or on its own motion, the court may reduce the term of imprisonment,
> after considering the factors set forth in section 3553(a) to the extent
> that they are applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Sentencing Commission promulgated

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c).

U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide

a two-level reduction in base offense levels for certain crack-cocaine offenses. See

id. The Commission made this amendment retroactively applicable, effective as of

March 3, 2008. See U.S.S.G., App. C, Amend. 713 (2008) (listing Amendment

706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

### III.

In this case, there is no dispute that Amendment 706 reduced Sampson's

applicable guideline range and, therefore, authorized the district court to reduce his

sentence under § 3582(c)(2). The district court agreed and reduced Sampson's

sentence to the low-end of his amended guideline range.[1] However, Sampson argues on appeal that, in light of Booker's holding rendering the Guidelines advisory, the district court was authorized to sentence him below the amended guideline range.

Sampson is correct that we have not yet addressed this issue. However, we need not do so here because, even assuming that Booker applies in § 3582(c)(2) proceedings, the district court indicated that it would not have exercised its discretion to impose a lower sentence, and Sampson has not met his burden to show that the district court's sentence, at the low-end of the amended guideline range, would have been unreasonable.[2] Accordingly, we affirm.

**AFFIRMED.**

---

[1] The court's sentence of 70 months' imprisonment technically fell below Sampson's amended guideline range, which was 84-105 months' imprisonment. This is so because the court re-imposed the same criminal-history downward departure that it did at sentencing, which effectively lowered Sampson's amended guideline range to 70-87 months' imprisonment.

[2] Sampson argues for the first time in reply that the district court presumed the amended guideline range to be reasonable and, therefore, imposed a procedurally unreasonable sentence. However, because he raises this argument for the first time in reply, we decline to address it. United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (stating that "an appellant may not raise an issue for the first time in a reply brief").